UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cause No. 1:22-CR-35-HAB |
| | ) |
| JACK MORROW | ) |

**OPINION AND ORDER**

Now before the Court is Defendant's letter seeking compassionate release. (ECF No. 52). Defendant argues that the BOP has failed to address his health issues, including kidney cancer and a hernia. The Government responded in opposition. (ECF No. 54). The time for Defendant to reply has expired.

**I.      Factual and Procedural Background**

From April 20, 2022, through May 11, 2022, Defendant exchanged text and Snapchat messages with an individual, "Savannah," who he believed to be a 13-year-old girl. The messages were sexually explicit. The messages culminated in Defendant traveling to Fort Wayne, Indiana, to have sex with Savannah. He was apprehended by law enforcement when he arrived at the meeting point. Defendant had two condoms in his pocket when he was arrested.

Defendant was indicted on, and pleaded guilty to, a single count of violating 18 U.S.C. § 2242(b). He was sentenced to 135 months' imprisonment and 8 years' supervised release. He is currently incarcerated at Butner FMC, with a projected release date of December 12, 2031.

**II.     Legal Analysis**

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements.

*See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. The Government concedes that Defendant has exhausted his administrative remedies. (ECF No. 54 at 2).

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and its Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, his age, his family circumstances, and whether there is in the defendant's case an extraordinary or

compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court must determine whether Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Because Defendant relies on his medical condition as his sole ground for relief, U.S.S.G. § 1B1.13(b)(1) controls. Relevant here, Defendant's medical circumstances constitute an extraordinary and compelling reason for relief only if he "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id*. at (b)(1)(C).

Defendant claims that, when he arrived at Butner FMC, he had "2 tiny spots of cancer" on his left kidney. A doctor at Duke Medical Center told Defendant that, because of the delay in treatment, the two spots had grown, and Defendant would have to have his kidney removed. Defendant also claims that he has two hernias that have not been treated. He asks to be released so he can "come home and get the medical care [he] need[s] before the cancer spreads." (ECF No. 52 at 1).

It seems that things have changed since Defendant sent his letter. The Government reports that, on February 13, 2025, just over two weeks after the letter was sent, Defendant underwent surgery to remove his left kidney and repair his hernia. He was last seen by BOP medical staff on March 8, 2025, to address wound care. He denied complications and was prescribed a seven-day course of antibiotics. There is no indication that Defendant's cancer has spread or was not addressed by the removal of his kidney.

3

"Ultimately, the goal of compassionate release for medical circumstances is to allow inmates to seek the care they require outside the BOP to improve their condition in a way that the BOP is incapable of offering, or alternatively, allowing inmates the comfort of spending their final moments outside prison." *United States v. Alexander*, Case No. 19-cr-40085-JPG, 2024 WL 4434165, at *4 (S.D. Ill. Oct. 7, 2024). Defendant has not identified any medical care that the BOP is incapable of offering or unwilling to offer. Instead, Defendant has received the medical care he needs, albeit not on the timeline he would prefer. But that's prison for you. What it isn't is a basis for compassionate release.[1]

### III.    Conclusion

For these reasons, Defendant's request for compassionate release (ECF No. 52) is DENIED.

SO ORDERED on June 12, 2025.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[1] Finding no extraordinary or compelling reasons for release, the Court need not consider the § 3553(a) factors. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).